**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY N. HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN WAINSCOTT, COUNTY OF LAKE, REGINALD MATHEWS, MICHAEL G. NERHEIM, VILLAGE OF MUNDELEIN, MUNDELEIN, ILLINOIS POLICE DEPARTMENT, BEN FAPSO and CITY OF NORTH CHICAGO,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

**COMPLAINT AT LAW**

**ALLEGATIONS COMMON TO ALL COUNTS**

Now comes Plaintiff GREGORY N. HARRIS by his attorneys Marszalek & Marszalek and states as follows:

1. This court has jurisdiction of the facts alleged in Counts One and Five pursuant to 28 U.S.C. section 1331. Also, this court has jurisdiction of the facts alleged in Count One pursuant to 28 U.S.C 1343. This court has supplemental jurisdiction of the facts alleged in Counts Two, Three, Four and Six pursuant to 28 U.S.C. section 1367.
2. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b) in that a substantial part of the events giving rise to the claim occurred in this district.
3. The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

4. A pretrial detainee's claim that he is unlawfully detained following the start of legal process in a criminal case could violate the Fourth Amendment. ***Manuel v. City of Joliet,*** ___U.S.___ , 137 S. Ct. 911, 197 L.Ed.2d 312 (2017).

5. The Fourteenth Amendment to the United States Constitution states, *inter alia*:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall deprive any person of life, liberty, or property, without due process of law…

6. On or about October 28, 2014, a criminal information was filed in the Circuit Court of Lake County, Illinois charging Plaintiff GREGORY N. HARRIS with certain crimes.

7. Plaintiff GREGORY HARRIS is a citizen of the United States. He is African American.

8. Plaintiff GREGORY N. HARRIS was arrested on or about October 30, 2014. Plaintiff was placed in the Lake County Jail. Plaintiff's cash bail was set at Ten Million Dollars ($10,000,000.00). This amount was twenty (20) times greater than the bail set for others arrested as part of the same investigation that resulted in Plaintiff's arrest. Plaintiff was unable to make bail.

9. The amount of Plaintiff's bail was determined on the basis of affidavits filed

with the court and signed by Defendant BRIAN WAINSCOTT. The amount of this bail was excessive in violation of the Eighth Amendment to the United States Constitution, which reads, *inter alia*, "Excessive bail shall not be required…" The excessive bail clause of the Eighth Amendment applies to the States via the Fourteenth Amendment.

10. At all times relevant to this Complaint, Defendant REGINALD MATHEWS was an Assistant State's Attorney employed by Defendant COUNTY OF LAKE in Illinois. He was not elected by the People.

11. At all times relevant to this Complaint, Defendant MICHAEL G. NERHEIM was the State's Attorney of Defendant COUNTY OF LAKE in Illinois. He was elected by the People.

12. At all times relevant to this Complaint, Defendant BEN FAPSO was a police officer employed by the Defendant CITY OF NORTH CHICAGO in Lake County, Illinois. Defendant FAPSO is Caucasian.

13. The governmental unit under whose authority Defendant BEN FAPSO acted is the Defendant CITY OF NORTH CHICAGO, ILLINOIS.

14. At all times relevant to this Complaint, Defendant BRIAN WAINSCOTT was a police officer employed by Defendant VILLAGE OF MUNDELEIN and/or MUNDELEIN, ILLINOIS POLICE DEPARTMENT in Lake County, Illinois. Defendant WAINSCOTT is Caucasian.

15. The governmental unit under whose authority Defendant BRIAN WAINSCOTT acted is the Defendant VILLAGE OF MUNDELEIN and/or

MUNDELEIN, ILLINOIS POLICE DEPARTMENT.

16. Between May, 2014 and September, 2014, Defendant REGINALD MATHEWS signed and presented applications to the Circuit Court of Lake County, Illinois requesting orders and extension orders for nonconsensual telephone interceptions related to a law enforcement investigation in Lake County, Illinois. These applications were supported by affidavits signed by Defendants BEN FAPSO and BRIAN WAINSCOTT.

17. The applications mentioned in Paragraph 16 were not signed by Defendant MICHAEL G. NERHEIM, and said applications did not indicate on their face that they were authorized by Defendant NERHEIM.

18. At no time, did Defendant REGINALD MATHEWS have the authority to sign and present the applications mentioned in Paragraph 16.

19. At all times relevant to this Complaint, Defendant REGINALD MATHEWS and Defendant MICHAEL G. NERHEIM knew that Defendant MATHEWS did not have the authority to sign and present the applications mentioned in Paragraph 16.

20. One application presented by Defendant REGINALD MATHEWS was signed by him on or about July 15, 2014, and it states on page two (2), "I have read the attached affidavit of law enforcement TASK FORCE OFFICER Brian Wainscott annexed herein and made a part hereof…Based upon the facts set forth in the affidavit of TASK FORCE OFFICER Brian Wainscott,

I respectfully submit to the court that there is probable cause…"

21. The affidavit signed by Defendant BRIAN WAINSCOTT on or about July 15, 2014 states, "Based on previous interceptions and communications from Target Phone 1 and Target Phone 2, it appears that Harlin Barnes receives his directions from Gregory Harris Sr., regarding the distribution of cocaine and heroin." (page nine) No facts are alleged, only a conclusory opinion, that a man named Barnes received his orders from Plaintiff, even though the court order allowing Barnes' phones to be tapped was entered approximately two months before this misstatement was presented to the judge. Defendant WAINSCOTT had two months to transcribe any of Plaintiff's phone calls in which Plaintiff allegedly gave orders to Barnes and to present those transcripts to the court. No such transcripts were submitted to the court.

22. The affidavit signed by Defendant BRIAN WAINSCOTT on or about July 15, 2014 failed to allege any facts that Plaintiff possessed and/or sold drugs. Instead, the affidavit merely repeated the exact same allegations made against a man named Barnes in affidavits presented to the court in matters involving Barnes.

23. Pages nineteen (19), twenty-four (24) and twenty-five (25) of the affidavit signed by Defendant BRIAN WAINSCOTT on or about July 15, 2014 refer to You Tube videos in which gang members rap about selling drugs and brandish weapons. However, Plaintiff does not appear in any of these You

Tube videos.

24. Page ten (10) of the affidavit signed by Defendant BRIAN WAINSCOTT on or about July 15, 2014 refers to numerous charges brought against Plaintiff without advising the court that a number of these charges were resolved in Plaintiff's favor.

25. Page ten (10) of the affidavit signed by Defendant BRIAN WAINSCOTT on or about July 15, 2014 states that Plaintiff was charged with first degree murder. This was untrue. Plaintiff had never been charged with first degree murder.

26. Page nine (9) of the affidavit signed by Defendant BRIAN WAINSCOTT on or about July 15, 2014 states Plaintiff resided at 2511 Western Avenue in Waukegan, an address where a number of drug deals were alleged to have taken place. This was untrue. Plaintiff never resided at 2511 Western Avenue in Waukegan.

27. Pages twenty-four (24) and twenty-five (25) of the affidavit signed by Defendant BRIAN WAINSCOTT on or about July 15, 2014 refer to normal investigative procedures which were tried and which failed before the wire taps were sought on Plaintiff's phones. Four out of the five procedures listed do not even mention Plaintiff; instead they refer to a man named Barnes. Moreover, the affidavit fails to state how any of these procedures failed as to

Plaintiff.

28. The affidavit signed by Defendant BRIAN WAINSCOTT on or about July 15, 2014 failed to advise the trial judge that Plaintiff was not residing in Lake County during the times many of the events contained in the affidavit took place.

29. Based on the application of Defendant REGINALD MATHEWS and the July 15, 2014 affidavit of Defendant BRIAN WAINSCOTT, Judge Victoria Rossetti of the Circuit Court of Lake County, Illinois entered orders on July 15, 2014, approving wiretaps on cell phones of Plaintiff GREGORY N. HARRIS. These orders were entered pursuant to 725 ILCS 5/108B-2(a), which provided, *inter alia* that

> The State's Attorney or a person designated in writing or by law to act for the State's Attorney and to perform his or her duties during his or her absence or disability, may authorize, in writing, an *ex parte* application to the chief judge of a circuit court for an order authorizing the interception of a private communication when no party has consented to the interception and the interception may provide evidence of, or may assist in the apprehension of a person who has committed, is committing or is about to commit, a violation of an offense under Article 29D of the Criminal Code of 1961 or the Criminal Code of 2012 [720 ILCS 5/29D-5 et seq.].

30. At no relevant time was Defendant MICHAEL G. NERHEIM absent or disabled.

31. The investigation of Plaintiff leading to the arrest of Plaintiff was conducted and led by Defendants REGINALD MATHEWS, MICHAEL G. NERHEIM,

BEN FAPSO and BRIAN WAINSCOTT. Defendants FAPSO and WAINSCOTT knowingly conveyed false information about Plaintiff and Plaintiff's activities, such as the misinformation detailed in Paragraphs 21 through 28, to Defendant MATHEWS, who relied on such misinformation.

32. On or about November 26, 2014, Defendant WAINSCOTT signed a Master Affidavit before a notary public. On pages eight (8) and nine (9) of this Master Affidavit, Defendant WAINSCOTT swears that one of the purposes for filing this Master Affidavit was to assist the court for setting bond for arrest warrants. On page forty-six (46) of the Master Affidavit, Defendant WAINSCOTT swore to an alleged narcotics transaction involving Plaintiff that took place on August 1, 2017, almost three years after the Master Affidavit was signed.

33. On or about July 23, 2014, Defendant BEN FAPSO arrested Plaintiff GREGORY N. HARRIS without probable cause as more fully detailed in Count Two of this Complaint. Defendant FAPSO had Plaintiff transported to a jail, where Plaintiff was subjected to a strip search. No illegal contraband was found on Plaintiff's body, and Plaintiff was released from custody with no charges being filed against Plaintiff.

34. On or about November 19, 2014 and October 28, 2015, Plaintiff was indicted by the State of Illinois. This indictment was based, in large part, on non-existent evidence obtained purportedly pursuant to the wiretaps mentioned in Paragraph 29. Plaintiff pled Not Guilty to the charges.

35. On or about February 22, 2016, Plaintiff GREGORY N. HARRIS moved to

suppress evidence obtained by the State pursuant to the above wiretap orders.

36. On or about September 27, 2016, Judge George D. Strickland of the Circuit Court of Lake County, Illinois, entered an order suppressing all evidence derived from the challenged wiretaps. Judge Strickland ruled that the applications mentioned in Paragraph 16 did not comply with either 725 ILCS 5/108B-2(a) or Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. sections 2510–2522 (2012), a federal statute preempting the regulatory field of electronic surveillance.

37. Under 18 U.S.C. section 2516 (2), authority to apply for electronic surveillance in a State court proceeding is limited to "…the principal prosecuting attorney of any political subdivision…" of the State. Such principal prosecuting attorneys are responsive to the political process, and such principal prosecuting attorneys must be specifically granted authority to apply for electronic surveillance. A state statute authorizing electronic surveillance must be at least as stringent as the federal statute, *ie.* Title III cited in Paragraph 36 above.

38. Following the entry of the September 27, 2016 order, Plaintiff GREGORY N. HARRIS remained in pretrial detention in the Lake County Jail.

39. On or about October 26, 2016, the order suppressing the evidence was appealed by the People of Illinois. Plaintiff remained in the Lake County Jail while others charged similarly were released.

40. On or about February 20, 2018, the Appellate Court of Illinois, Second

District, affirmed unanimously the order suppressing all evidence derived from the wiretaps. *People v. Allard*, 2018 IL App (2d) 160927. In rejecting the People's argument that the People had exercised good-faith in obtaining the wiretaps, the Appellate Court stated, "The prosecution may not rely on the good-faith doctrine to avoid the exclusionary rule when it procured the orders in violation of article 108B." at par. 50.

41. At all times relevant to this Complaint, there existed in the State of Illinois a statute, 725 ILCS 5/108B-12, which read as follows:

"If a motion under this Section is granted, the intercepted private communication, and evidence derived from it, may not be received in evidence in an official proceeding, including a grand jury."

42. At all times relevant to this Complaint, there existed in the United States of America a statute, 18 U.S.C. sec. 2515, which read as follows:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter [18 USCS §§ 2510 et seq.].

43. All criminal charges against Plaintiff GREGORY N. HARRIS were dropped. Plaintiff GREGORY N. HARRIS was released from pretrial detention on March 12, 2018.

44. Before his release, Plaintiff had been detained, pretrial, for One Thousand Two Hundred Thirty (1,230) days. He was never convicted of the crimes charged in the indictment; he was never even tried on those charges.

## ***COUNT ONE - VIOLATION OF CONSTITUTIONAL RIGHTS***

Now comes Plaintiff GREGORY N. HARRIS by his attorneys Marszalek & Marszalek and complaining of Defendants BEN FAPSO and BRIAN WAINSCOTT states as follows:

45. This is a claim for violation of Plaintiff GREGORY N. HARRIS' civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. section 1983.

46. At all times relevant to this Complaint, Defendants BEN FAPSO and BRIAN WAINSCOTT acted knowingly, intentionally, willfully, and maliciously.

47. At all times relevant to this Complaint, both Defendants WAINSCOTT and FAPSO met with each other, met with the Federal Bureau of Investigation, and met with members of the Lake County State's Attorney Office to plot strategy on how to put Plaintiff in jail.

48. On or about January 14, 2014, Defendant REGINALD MATHEWS met with Defendant MICHAEL G. NERHEIM to discuss how to put Plaintiff in jail. At the meeting, Defendant MATHEWS and FBI agents recommended to Defendant NERHEIM that wiretap orders be requested. Defendant NERHEIM, rather than apply for the wiretap orders himself, authorized Defendant MATHEWS to do so. This was contrary to 725 ILCS 5/108B.

Defendant NERHEIM knew he did not have the authority to authorize Defendant MATHEWS to apply for the surveillance orders pursuant to 725 ILCS 5/108B.

49. From January 2014 to October 2014, Defendant REGINALD MATHEWS met with Defendant MICHAEL G. NERHEIM numerous times. On those occasions, these two men decided to request additional orders for wiretaps on Plaintiff's phones.

50. As a result of the conduct of Defendants REGINALD MATHEWS, MICHAEL G. NERHEIM, BEN FAPSO and BRIAN WAINSCOTT, Plaintiff GREGORY N. HARRIS was deprived of his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff was held in pretrial detention for over three years as a result of a defective application based on false affidavits. The indictment against Plaintiff was tainted. Plaintiff's arrest and detention were based on false and inadmissible evidence.

51. Plaintiff asks that the case be tried by a jury.

**WHEREFORE,** Plaintiff asks for the following relief from Defendants BEN FAPSO and BRIAN WAINSCOTT:

a) Damages to compensate for all loss of liberty, loss of freedom from unreasonable searches, bodily harm, emotional harm, pain and

suffering, loss of enjoyment of life, and any other injuries inflicted by Defendants BEN FAPSO and BRIAN WAINSCOTT;

b) such other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. §1988.

***COUNT TWO – FALSE ARREST, ASSAULT AND BATTERY***

Now comes Plaintiff GREGORY N. HARRIS by his attorneys Marszalek & Marszalek and complaining of Defendant BEN FAPSO states as follows:

45. Defendant BEN FAPSO is a police officer employed by the North Chicago Police Department in North Chicago, Lake County, Illinois.

46. On or about July 23, 2014, Plaintiff GREGORY N. HARRIS, was operating a motor vehicle in the County of Lake, State of Illinois, at Green Bay Road and Martin Luther King, Jr. Drive, when Defendant FAPSO pulled Plaintiff over. Defendant FAPSO told Plaintiff that Plaintiff was pulled over for failing to activate his turning signal.

47. At the scene, Defendant FAPSO searched Plaintiff's body. This search yielded no drugs, no weapons, nothing illegal.

48. After the search of Plaintiff's body at the scene, Defendant FAPSO arrested Plaintiff without a warrant and without probable cause to believe that Plaintiff had committed, was committing or was about to commit a crime. In addition, Defendant FAPSO used excessive force upon Plaintiff

GREGORY N. HARRIS.

49. Plaintiff GREGORY N. HARRIS was arrested for failing to activate his turning signal before making a turn, however Plaintiff was never charged with this offense. Instead, Defendant FAPSO took Plaintiff to a jail cell at the North Chicago Police station where Plaintiff was strip searched for drugs and/or weapons. No drugs or weapons were found on Plaintiff's person. After the strip search, no formal charges were filed, and Plaintiff was released from custody after over one hour.

50. Defendant FAPSO acted knowingly, intentionally, willfully, and maliciously.

51 The events of July 23, 2014 set forth in Paragraphs 45 through 50 of this Count Two took place while the tainted wiretapping of Plaintiff's phone detailed in Count One was taking place.

52 On or about July 23, 2014, when Defendant FAPSO committed the acts set forth in Paragraphs 45 through 50, Plaintiff was in reasonable apprehension of an immediate battery.

53 At no time on July 23, 2014 when Defendant FAPSO committed the acts set forth in Paragraphs 45 through 50 did Plaintiff consent to the touching of his body.

54 Plaintiff asks that the case be tried by a jury.

**WHEREFORE,** Plaintiff prays for the following damages from Defendant FAPSO:

Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of enjoyment of life, and any other injuries inflicted by Defendant FAPSO.

## ***COUNT THREE – FALSE IMPRISONMENT***

Now comes Plaintiff GREGORY N. HARRIS by his attorneys Marszalek & Marszalek and complaining of Defendants BEN FAPSO and BRIAN WAINSCOTT states as follows:

45. Plaintiff was arrested on October 30, 2014, and Plaintiff was restrained in jail in pretrial detention against his will from October 30, 2014 to March 12, 2018.

46. Defendants BEN FAPSO and BRIAN WAINSCOTT acted without having reasonable grounds to believe that an offense had been committed by Plaintiff.

47. Plaintiff asks that the case be tried by a jury.

**WHEREFORE,** Plaintiff prays for the following damages from Defendants BRIAN WAINSCOTT and BEN FAPSO:

Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of enjoyment of life, and any other injuries inflicted by these Defendants.

## ***COUNT FOUR – MALICIOUS PROSECUTION***

Now comes Plaintiff GREGORY N. HARRIS by his attorneys Marszalek & Marszalek and complaining of Defendants BEN FAPSO and BRIAN WAINSCOTT states as follows:

45. Plaintiff was arrested on October 30, 2014, and Plaintiff was restrained in the Lake County Jail in pretrial detention against his will from October 30, 2014 to March 12, 2018.
46. Defendants BEN FAPSO and BRIAN WAINSCOTT acted without having reasonable grounds to believe that an offense had been committed by Plaintiff.
47. The prosecution against Plaintiff GREGORY N. HARRIS was concluded in Plaintiff's favor.
48. Plaintiff asks that the case be tried by a jury.

**WHEREFORE,** Plaintiff prays for the following damages from Defendants BRIAN WAINSCOTT and BEN FAPSO:

Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of enjoyment of life, and any other injuries inflicted by these Defendants.

## ***COUNT FIVE – VIOLATIONS OF 18 U.S.C. 2511 and 2520***

Now comes Plaintiff GREGORY N. HARRIS by his attorneys Marszalek & Marszalek and complaining of Defendants REGINALD MATHEWS, MICHAEL G. NERHEIM, BEN FAPSO and BRIAN WAINSCOTT states as follows:

45. At all times relevant to this Complaint, there existed a certain federal statute reading as follows:

Except as otherwise specifically provided in this chapter [18 USC section 2510 et seq.] any person who--

- **(a)** intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
- **(b)** intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when--
  - **(i)** such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or
  - **(ii)** such device transmits communications by radio, or interferes with the transmission of such communication; or
  - **(iii)** such person knows, or has reason to know, that such device or any component thereof has been sent through the mail or transported in interstate or foreign commerce; or
  - **(iv)** such use or endeavor to use (A) takes place on the premises of any business or other commercial establishment the operations of which affect interstate or foreign commerce; or (B) obtains or is for the purpose of obtaining information relating to the operations of any business or other commercial establishment the operations of which affect interstate or foreign commerce; or
  - **(v)** such person acts in the District of Columbia, the Commonwealth of Puerto Rico, or any territory or possession of the United States;
- **(c)** intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;

- **(d)** intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or
- **(e)** (i) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, intercepted by means authorized by sections 2511(2)(a)(ii), 2511(2)(b)-(c), 2511(2)(e), 2516, and 2518 of this chapter [18 USCS §§ 2511(2)(a)(ii), 2511(2)(b)-(c), 2511(2)(e), 2516, and 2518], (ii) knowing or having reason to know that the information was obtained through the interception of such a communication in connection with a criminal investigation, (iii) having obtained or received the information in connection with a criminal investigation, and (iv) with intent to improperly obstruct, impede, or interfere with a duly authorized criminal investigation,

shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

18 U.S.C. section 2511

46. At all times relevant to this Complaint, there existed a certain federal statute reading as follows:

> …[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter [18 USCS §§ 2510 et seq.] may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.
>
> 18 U.S.C. section 2520

47. Plaintiff's electronic communications were intercepted in violation of 18 U.S.C. sections 2510 *et seq.*

48. Defendants REGINALD MATHEWS, MICHAEL G. NERHEIM, BRIAN WAINSCOTT and BEN FAPSO intentionally engaged in violations of 18 U.S.C sections 2510 *et seq.*

49. Defendant REGINALD MATHEWS intentionally disclosed unlawfully intercepted wire communications in violation of 18 U.S.C. section 2511 including but not limited to in a speech he gave to a class at Columbia College.

50. As a result of Defendants' violations of 18 U.S.C. section 2510 *et seq.*, Plaintiff suffered damages.

51. Plaintiff asks that the case be tried by a jury.

WHEREFORE, Plaintiff GREGORY HARRIS prays for damages against Defendants REGINALD MATHEWS, MICHAEL G. NERHEIM, BEN FAPSO and BRIAN WAINSCOTT including but not limited to punitive damages, costs and attorney fees, pursuant to 18 U.S.C. section 2520 and whatever further relief this court deems proper.

## ***COUNT SIX - INDEMNITY***

Now comes Plaintiff GREGORY N. HARRIS by his attorneys Marszalek & Marszalek and complaining of Defendants COUNTY OF LAKE, CITY OF NORTH CHICAGO, VILLAGE OF MUNDELEIN and MUNDELEIN, ILLINOIS POLICE DEPARTMENT states as follows:

45. At all times relevant to this Complaint, there existed a statute in the State of Illinois reading as follows:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of

his employment is liable in the manner provided in this Article.

745 ILCS 10/9-102

46. At all times relevant to this Complaint, Defendant BEN FAPSO was acting within the scope of his employment with Defendant CITY OF NORTH CHICAGO.

47. At all times relevant to this Complaint, Defendant BRIAN WAINSCOTT was acting within the scope of his employment with Defendant VILLAGE OF MUNDELEIN and/or MUNDELEIN, ILLINOIS POLICE DEPARTMENT.

48. At all times relevant to this Complaint, Defendants REGINALD MATHEWS and MICHAEL G. NERHEIM were acting within the scope of their employment with Defendant COUNTY OF LAKE.

49. Plaintiff asks that this case be tried by a jury.

WHEREFORE, in the event a judgement is entered against Defendants REGINALD MATHEWS, MICHAEL G. NERHEIM, BEN FAPSO and/or BRIAN WAINSCOTT, Plaintiff GREGORY HARRIS prays for indemnification of Defendants MATHEWS and NERHEIM by Defendant COUTY OF LAKE, for indemnification of Defendant BEN FAPSO by Defendant CITY OF NORTH CHICAGO, and for indemnification of Defendant BRIAN WAINSCOTT by Defendants VILLAGE OF MUNDELEIN and/or MUNDELEIN, ILLINOIS POLICE DEPARTMENT pursuant to 745 ILCS 10/9-102.

*/s/* John E. Marszalek

Attorney for Plaintiff

JOHN E. MARSZALEK
Marszalek & Marszalek
Attorneys for Plaintiff
120 West Madison Street, Suite 801
Chicago, IL 60602
(312) 456-1700
Johnemarszalek@gmail.com
ARDC # 1776576