| | |
|---|---|
| GREGORY HARRIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRIAN WAINSCOTT, COUNTY OF )<br>LAKE, REGINALD MATHEWS, )<br>MICHAEL NERHEIM, VILLAGE OF )<br>MUNDELEIN, MUNDELEIN POLICE )<br>DEPARTMENT, BEN FAPSO, and )<br>CITY OF NORTH CHICAGO, )<br>)<br>Defendants. ) | Case No. 18 C 2789 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Gregory Harris has sued Mundelein police officer Brian Wainscott, North Chicago police officer Ben Fapso, and Reginald Matthews, an assistant state's attorney in Lake County, as well as the Village of Mundelein, the City of North Chicago, State's Attorney Michael Nerheim, and Lake County. Harris's claims arise from an investigation and resulting criminal charges against him and others. The defendants have moved to dismiss all of Harris's claims under Federal Rule of Civil Procedure 12(b)(6). The Court addresses the defendants' motions in this decision.

### Facts

The Court takes Harris's factual allegations as true for purposes of the motions to dismiss. He alleges that in 2014, Mathews presented applications to a Lake County judge requesting authorization for nonconsensual interception of telephone

communications. The applications were supported by affidavits signed by Fapso and Wainscott. Harris alleges that under state law, the state's attorney or a person designated in writing to act for him during his absence or disability must authorize such an application. According to Harris, Mathews did not have legal authority to sign and present the applications and that they did not indicate on their face that state's attorney Nerheim had authorized them.

Wainscott's supporting affidavit for a July 2014 application stated that based on previously intercepted communications, "it appears that Harlin Barnes receives his directions from Gregory Harris Sr. regarding the distribution of cocaine and heroin." No facts were alleged in the affidavit to support this conclusion. Harris says that Wainscott's affidavit made reference to You Tube videos in which gang members brandished weapons and rapped about selling drugs, but in fact Harris did not appear in any of the videos. The affidavit falsely stated that Harris had been charged with first degree murder, and it referenced prior charges against Harris without stating that a number of them had been resolved in his favor. The affidavit, Harris alleges, also had other deficiencies. Based on Mathews's application and Wainscott's affidavit, a state court judge authorized interception of communications to and from Harris's cellular phone.

Harris also alleges, without details, that Fapso and Wainscott knowingly conveyed false information about him to Mathews, who relied on it.

Harris alleges that later in July 2014, Fapso arrested Harris without probable cause for ostensible traffic charges. He was searched and later strip-searched but was released without being charged.

2

In November 2014, Wainscott signed another affidavit that stated its purpose was to assist the court in setting bond on arrest warrants for Harris and others. The affidavit included as support an assertion that Harris had taken part in a narcotics transaction on August 1, 2017—a date nearly three years in the future.

At some point between November 2014 and October 2015, a Lake County grand jury indicted Harris. He alleges the indictment was largely based "on non-existent evidence obtained purportedly pursuant to the wiretaps" previously referenced. Compl. ¶ 34. In 2016, Harris moved to suppress evidence obtained pursuant to the wiretaps. A Lake County judge entered an order in late September 2016 granting Harris's motion, finding the wiretaps did not comply with either state or federal statutes governing such surveillance. Harris remained in pretrial detention during the pendency of the case and the state's appeal from the suppression order. He remained in custody until March 2018, when the state appellate court's order affirming the suppression order became final.

Harris's complaint in the present case includes six claims. In count 1, he alleges that Wainscott and Fapso caused him to be wrongfully held in custody, in violation of his Fourth Amendment rights, by presenting faulty applications for wiretaps based on false affidavits. In count 2, Harris alleges that Fapso falsely arrested him in July 2014 without a warrant or probable cause, used excessive force, and caused him to be strip-searched at the North Chicago police station. In count 3, Harris alleges that Fapso and Wainscott caused him to be falsely imprisoned from October 2014 through March 2018. In count 4, he alleges that Fapso and Wainscott maliciously prosecuted him. In count 5, Harris asserts a violation of Title III of the Omnibus Crime Control Act of 1969, 18

3

U.S.C. § 2516(2), by Mathews, Nerheim, Fapso, and Wainscott. Finally, in count 6 Harris asserts a claim for indemnification against the governmental entity defendants under 745 ILCS 10/9-102.

## Discussion

The defendants have moved to dismiss all of Harris's claims for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Tobey v. Chibucos*, 890 F.3d 634, 639 (7th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on the motion, the Court accepts as true the complaint's factual allegations in the complaint but not bare legal conclusions or recitals of the elements of a cause of action that are supported only by conclusory statements. *Id.*

### 1. Count 1 - § 1983 wrongful detention claim

Defendants characterize count 1 as a claim under 42 U.S.C. § 1983 for false arrest and argue that it is barred by the two-year period of limitations that governs section 1983 claims in Illinois. They contend that this claim accrued at the time of Harris's arrest and that he did not file this suit within two years of his arrest.

Controlling Seventh Circuit authority establishes that count 1 is timely. Harris asserts a claim for wrongful detention, which accrues on the date he was released from custody. *Manuel v. City of Joliet*, 903 F.3d 667, 669 (7th Cir. 2018). It is true that Harris says that he was wrongly charged and thus, presumably, wrongly arrested, but it is equally clear that he claims that the entirety of his detention was wrongful. *Manuel* establishes that "the wrong of detention without probable cause continues for the length

of the unjustified detention" and that "[w]hen a wrong is ongoing rather than discrete, the period of limitations does not commence until the wrong ends." *Id.* Here that is the date on which Harris was released, which was less than two years before he filed this suit.

Wainscott separately argues that count 1 should be dismissed against him because there is no allegation that he committed an act within the limitations period. This argument—for which Wainscott cites no authority—is incompatible with *Manuel*; the Court rejects it. Again, Harris claims a continuing wrong, and his claim did not accrue for limitations purposes until he was released from detention.

Fapso argues that Harris has not sufficiently alleged his involvement in the claimed wrongful detention asserted in count 1. The Court agrees. With respect to the wrongful detention claim asserted in count 1, Harris makes only a conclusory allegation against Fapso: he provided false information to Mathews. *See* Compl. ¶ 31. In contrast to his allegations against Wainscott, Harris does not describe in the current version of his complaint the false information he contends Fapso provided. Count 1 is dismissed as to Fapso.

2.  **Count 2 – state-law battery claim**

Count 2, Harris says, is a state-law battery claim. *See* Pl.'s Resp. to Mot. to Dismiss of Def. Fapso at 2. The claim, asserted only against Fapso, involves an arrest, excessive force, and a strip search that took place in July 2014. A one-year limitations period applies to this claim. *See* 745 ILCS 10/8-101. And the claim accrued on the date of the events. *See, e.g., Haynes v. City of Chicago*, No. 07-cv-2231, 2008 WIL 1924891, at *2 (N.D. Ill. Apr. 29, 2008). The claim is time-barred and is dismissed with

prejudice for that reason.

3. **Count 3 – state-law false imprisonment claim**

Count 3 is a state-law false imprisonment claim. Harris filed the claim within one year of his release, making it timely. *Bhutani v. Courts of Northbrook Condo. Ass'n*, 2017 IL App (1st) ¶¶53-67, 2017 WL 3995738, at *7-10 (Illinois law; affirming trial court's determination that false imprisonment claim accrued on date plaintiff was released from imprisonment).

The Court also concludes that Harris has sufficiently alleged the requirements for a false imprisonment claim, specifically, the defendants caused or procured the restraint of the plaintiff's liberty and did so without reasonable grounds to believe the plaintiff had committed an offense. *See Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 474, 564 N.E.2d 1222, 1231 (1990). Under the Illinois Tort Immunity Act, a claim of this type against a public employee also requires proof of willful and wanton conduct. 745 ILCS 10/2-202. Harris has sufficiently alleged that Wainscott submitted one or more false affidavits that contributed to the initiation of criminal charges and thus to Harris's imprisonment. (The Court notes that Fapso did not move to dismiss Count 3 on any basis other than the statute of limitations.)

4. **Count 4 – state-law malicious prosecution claim**

The statute of limitations on Harris's state-law malicious prosecution claim began to run on the date the charges against him were dismissed. *See Ferguson v. City of Chicago*, 213 Ill. 2d 94 98, 820 N.E.2d 455, 459 (2004). The claim is timely for that reason; the Court overrules defendants' limitations argument.

The elements of a claim for malicious prosecution under Illinois law are: (1) the

commencement or continuation of criminal proceedings by the defendant; (2) favorable termination of those proceedings; (3) the absence of probable cause; (4) the presence of malice; and (5) damages. *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016). Wainscott argues that Harris has not sufficiently alleged the absence of probable cause. The Court disagrees; the complaint, taken as a whole, sufficiently alleges that there was no viable legal basis for the criminal charges against Harris. The complaint also sufficiently alleges that the prosecution was terminated in Harris's favor. Specifically, the case was terminated via a *nolle prosequi*. The Illinois Supreme Court determined in *Swick v. Liautaud*, 169 Ill. 2d 504, 662 N.E.2d 1238 (1996), that

> a criminal proceeding has been terminated in favor of the accused when a prosecutor formally abandons the proceeding via a nolle prosequi, unless the abandonment is for reasons not indicative of the innocence of the accused. The abandonment of the proceedings is not indicative of the innocence of the accused when the nolle prosequi is the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial.

*Id*. at 513, 662 N.E.2d at 1243. Wainscott's contention that the case was dismissed on a so-called "technicality" is a point better raised (if at all) on summary judgment. The Court cannot say, based on the allegations in Harris's complaint, that the dismissal of his case does not meet the favorable termination requirement.

The Court overrules Wainscott's contention regarding the absence of a sufficient allegation of malice. The allegations against him, which include deliberate falsification of evidence, are sufficient to satisfy the malice requirement for pleading purposes. These same allegations are sufficient to satisfy the requirement of willful and wanton conduct under 745 ILCS 10/2-202.

7

As to Fapso, however, Harris has not sufficiently described his involvement in the allegedly wrongful prosecution.  As discussed earlier, all that Harris has stated regarding Fapso's involvement in the prosecution at issue (as opposed to the 2014 arrest without charges) was that he provided unspecified false information.  This conclusory allegation is insufficient.  Count 4 is dismissed as to Fapso.

**Count 5 – unlawful eavesdropping claim under Title III**

Count 5 arises under 18 U.S.C. § 2520(a), which provides that with certain exceptions inapplicable here, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate," including damages.  Defendants argue that this claim is time-barred under section 2520(e), which states that an action under section 2520 "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."  18 U.S.C. § 2520(e).

Harris alleges in his complaint that he moved to suppress evidence obtained under the wiretap orders on February 22, 2016.  Defendants argue that the limitations period began to run on that date at the latest.  Harris filed this lawsuit on April 19, 2018, more than two years later.  He contends that the limitations period did not begin to run until the appellate court affirmed the trial court's suppression order.  That is not a legally tenable position.  Section 2520(e) expressly begins the limitations period when a party "has a reasonable opportunity *to discover*" a violation, not when a violation is finally determined by a court of review.  Harris quite obviously had a reasonable opportunity to

8

discover the claimed violation of Title III before February 22, 2016; he alleged that very violation in his motion to suppress. He has offered no basis to extend or toll the limitations period until an appellate court agreed with him. The Court dismisses Count 5 with prejudice as time-barred. The Court notes that this is the only claim against the state's attorney defendants, so they are dismissed from this lawsuit.

6. **Count 6 – indemnification claim against entity defendants**

The Court dismisses Count 6 only to the extent it is based on claims the Court has otherwise dismissed.

## Conclusion

The motion to dismiss filed by defendants Mathews, Nerheim, and Lake County [36] is granted; Counts 5 and 6 are dismissed with prejudice against those defendants on the ground that the claims are time-barred. The motion to dismiss filed by defendants Wainscott and Village of Mundelein [41] is granted in part and denied in part. Count 5 is dismissed with prejudice against those defendants on the ground that it is time-barred; the motion is denied as to all remaining claims. Finally, the motion to dismiss filed by defendants Fapso and City of North Chicago [37] is granted in part and denied in part. Counts 2 and 5 are dismissed with prejudice against those defendants on the ground that they are time-barred. Counts 1 and 4 are dismissed against them for failure to state a claim. The ruling date of 5/9/2019 is vacated, but the case remains set for a status hearing on that date at 9:30 a.m.

Date: May 5, 2019

_____
MATTHEW F. KENNELLY
United States District Judge